**Thomas Michael HOLT, Individually and on behalf of his class, Appellee,**

v.

**J. E. MOORE, Superintendent, Avery County Unit, et al., Appellants.**

No. 74–2318.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 13, 1975.

Decided Sept. 22, 1976.

Jacob L. Safron, Asst. Atty. Gen. of North Carolina, Raleigh, N. C. (Rufus L. Edmisten, Atty. Gen. of North Carolina, Raleigh, N. C., on brief), for appellants.

Gary S. Hemric, Charlotte, N. C. (William K. Diehl, Jr., James, Williams, McElroy & Diehl, Charlotte, N. C., on brief), for appellee.

Before CLARK,* Supreme Court Justice, Retired, and RUSSELL and WIDENER, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the district court in which it held, among other things, that the appellee, Thomas Michael Holt, had standing to represent a class consisting of:

> ". . . all inmates of the North Carolina Department of Corrections, all prisoners in custody within the State of North Carolina, and those former inmates subject to the control of the North Carolina Board of Paroles, against whom the United States government or any branch, division, or agency thereof, has filed or may file detainers, for any purpose, including untried federal criminal convictions and such prisoner, inmate or former inmate must allegedly have been adversely affected by such filing."

Various questions have been presented to us regarding the merits of the district court's order as well as whether or not the order was final for purposes of this appeal. After the order of the district court, however, the decisions in *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975) and *Weinstein v. Bradford,* 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) were handed down. *Sosna* was a decision, so far as applicable here, concerning class actions, while *Weinstein* held that a North Carolina prisoner's 14th Amendment claims regarding North Carolina's parole procedures were mooted by virtue of his release from custody. Applying *Sosna* and *Weinstein* to the controversy now before us, we are of opinion we should not consider the issues presented in this appeal at this time. Accordingly, the case is remanded in the light of our opinion here as well as the Supreme Court's decisions in *Weinstein* and *Sosna.*

Holt, now a former inmate in the former custody of the North Carolina Department of Corrections, brought this action, while in the custody of North Carolina, in the United States District Court for the Western District of North Carolina alleging that a federal detainer filed against him prevented him from becoming eligible for various privileges available to inmates without detainers. The district court treated his petition as an action under 42 U.S.C. § 1983 and allowed him to proceed *in forma pauperis.* Thereafter, Holt was, on January 24, 1974, released from the custody of the North

**462**

Carolina authorities, and began serving a term in federal prison for a conviction for interstate transportation of a stolen motor vehicle. On May 8, 1975, his North Carolina sentence was terminated. While the district court recognized that, as a result of Holt's release from State custody in January of 1974, injunctive relief might not be appropriate, it nevertheless was of the opinion that there remained a question as to damages should he prevail as to his constitutional claim. Thus, the action was permitted to proceed.

On June 25, 1974, the court entered an order permitting the filing of an Amended Complaint adding additional defendants (including various federal officials) and permitting the case to proceed as a class action under FRCP 23. This order of June 25th specified, however, that "[t]he class action does not include the particular issue of whether or not [Holt] is entitled to recover damages." Thus, the class action, limited to equitable and declaratory relief, was severed from the damage claim and left without a named plaintiff in the custody of the State authorities as of the date of certification under FRCP 23.

The North Carolina defendants filed objections to the class action certification on July 10, 1974, and, on July 19, 1974, filed various motions which were heard on October 9, 1974. By order entered October 10, 1974, the district court concluded that Holt had standing to represent the class and that notice to the class, which had previously been ordered, was unnecessary. In addition, the order also provided that relief, in any, to the class could be had through equitable procedures.

 It appears that Holt had "no interest whatever", *Weinstein,* 423 U.S. at 148, 96 S.Ct. 347, in the detainer policy followed by North Carolina after the date of his release from State custody. His claim for damages having been severed, the remaining portion of Holt's action seeking equitable and declaratory relief was mooted as of the date of his transfer to federal custody.[1] Not being in the custody of the North Carolina authorities at the time of the class certification, Holt could not have been a member of the class which he sought to represent. This, in turn, should call into question the propriety of the class action certification itself, for, as the Supreme Court stated in *Sosna v. Iowa,* 419 U.S. 393, 403, 95 S.Ct. 553, 559, 42 L.Ed.2d 532 (1975), "[a] litigant must be a member of a class which he or she seeks to represent at the time the class action is certified by the District Court."[2]

Accordingly, this case is remanded for dismissal, without prejudice, as moot, of the injunctive, declaratory, and class action aspects of the suit. Holt's individual action for damages, having been severed, and the district court having made it clear that it is not only severed but may be defended as to "entitlement to damages" (which we construe as the merits) as well as amount, should proceed separately.

REMANDED.

---

1. We note, additionally, that the regulations which Holt challenges were amended in February, 1973, and that detainers filed with the North Carolina authorities are now considered for notification purposes only. Moreover, the appellee has been unable to bring to our attention any fact which would indicate a reasonable expectation that the old regulation will be reinstated or that detainers will be referred to for any other purpose in the future. Cf., *Defunis v. Odegaard,* 416 U.S. 312, 318, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974).

2. The court in *Sosna* did go on to note that "[t]here may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the District Court can reasonably be expected to rule on a certification motion" in which case the certification may relate back. 419 U.S. at 402, n. 11, 95 S.Ct. at 559. It is sufficient for our purposes here, however, that there is nothing to indicate that this is such a case. Holt's case as it concerned equitable relief was moot before the class was ever certified. Also applicable here is this sentence from *Weinstein,* 423 U.S. p. 149, 96 S.Ct. at p. 349: "While petitioners will continue to administer the North Carolina parole system with respect to those who at any given moment are subject to their jurisdiction, there is no demonstrated probability that respondent will again be among that number."