In the Matter of an Accusation Against
Gary T. BISHOP, A Practicing
Attorney.

No. 68112.

Supreme Court of Iowa.

June 1, 1982.

Michael W. Liebbe of Raben, Liebbe, Shinkle & Bremer, Davenport, for respondent Gary T. Bishop.

Richard A. Williams, Asst. Atty. Gen., for the Attorney General's Office.

PER CURIAM.

On February 26, 1982, the chairman of the Committee on Professional Ethics and Conduct of the Iowa State Bar Association filed in the Iowa District Court for Polk County an accusation against Gary T. Bishop, a practicing attorney, pursuant to section 610.25, The Code.

The accusation alleged, among other things, that Bishop practiced law with offices in Davenport, Des Moines, and Council Bluffs. Paragraph "6" of the accusation alleged that Bishop did, in Polk County, accept from nineteen different clients advancements of monies for filing fees and costs, and Bishop did convert such monies to his own personal use without the knowledge or consent of the clients. Paragraph "7" of the accusation alleged Bishop accepted monies from fifteen clients for legal services to be rendered, but Bishop failed to render any legal services and converted the fee money to his own personal use. Paragraph "8" accused Bishop of accepting monies from seventeen clients for legal services to be rendered, but Bishop did thereafter render only part of the legal services agreed to be performed and then did personally take the entire fees.

Paragraph "12" of the accusation alleged that Bishop's conduct was unethical and unprofessional in violation of EC 1–5; DR 1–102(A)(1), (4), (5), and (6); EC 7–1; DR 7–101(A)(1), (2), and (3); EC 9–1; EC 9–2; EC 9–5; EC 9–6; DR 9–102(A)(1); and DR 9–102(B)(2), (3), and (4) of the Iowa Code of Professional Responsibility for Lawyers, and sections 610.24(3) and (4) of The Code.

A copy of the accusation was transmitted to the clerk of this court pursuant to section 610.28, The Code. On March 25, 1982, this court designated, pursuant to section 610.30, The Code, district judges George G. Fagg, Louis Lavorato, and Richard J. Vogel as a court to hear and decide the accusation. The Attorney General's Office has been responsible for prosecuting the accusation pursuant to section 610.29, The Code.

On April 2, 1982, Attorney Michael W. Liebbe filed a "Statement by Attorney" directly with this court, not the court of three district judges designated to hear and decide the accusation. Attached to this statement was an affidavit by Bishop in which he swore that he was personally, emotionally, and psychologically unable to practice law. The affidavit further authorized Michael W. Liebbe to surrender Bishop's license to practice law and to release any information deemed necessary for the purposes of surrendering Bishop's license.

This court set the "Statement by Attorney" for hearing. Bishop appeared at that

hearing through his attorney, Michael W. Liebbe. Bishop, through the sworn, authorized testimony of his attorney, admitted that he was emotionally and psychologically unfit to practice law at this time and admitted the allegations of the accusation outlined above.

This court now finds as follows: 1. Gary T. Bishop has freely, voluntarily, and knowingly given his consent to surrender his license to practice law. 2. Bishop is aware of the pending proceeding pursuant to chapter 610, The Code, involving allegations of the nature set out above which provide grounds for discipline. 3. Bishop acknowledges the material facts alleged in the accusation, except for those contained in paragraph "10" thereof, are true.

Therefore, it is hereby ordered as follows: 1. Gary T. Bishop's license to practice law is revoked. 2. The "Statement of Attorney," including the attached affidavit, and the transcript of the hearing on that statement shall be a matter of public record. 3. The Committee on Professional Ethics and Conduct of the Iowa State Bar Association may conduct any further investigation necessary to provide this court with a more complete record in this matter.

This opinion shall be published in the North Western Reporter.

LICENSE REVOKED.