Gary T. BISHOP, Appellant,

v.

COMMITTEE ON PROFESSIONAL ETH-
ICS AND CONDUCT OF the IOWA
STATE BAR ASSOCIATION and its
Chairman, James E. Cooney, in his offi-
cial capacity, Appellees.

Gary T. BISHOP, Appellee,

v.

COMMITTEE ON PROFESSIONAL ETH-
ICS AND CONDUCT OF the IOWA
STATE BAR ASSOCIATION and its
Chairman, James E. Cooney, in his offi-
cial capacity, Appellants. (Two cases)

Nos. 81–2020, 81–2021 and 82–1012.

United States Court of Appeals,
Eighth Circuit.

Submitted March 25, 1982.

Decided Aug. 17, 1982.

Lee H. Gaudineer, Carlton G. Salmons, Hedo M. Zacherle, Des Moines, Iowa, for appellee.

Mark W. Bennett, Staff Atty., Des Moines, Iowa, for appellant.

Before ROSS and STEPHENSON,* Circuit Judges, and VAN PELT,** Senior District Judge.

ROSS, Circuit Judge.

*Background*

On January 22, 1981, the appellant, Gary T. Bishop, filed an action under 42 U.S.C. § 1983 (1976) and 28 U.S.C. § 1343 (1976) challenging the constitutionality of the Disciplinary Rules of the Iowa Code of Professional Responsibility limiting the means and content of lawyer advertising. Bishop, a licensed attorney practicing law in Iowa at the time the action was filed, alleged that he wished to use means of advertising and advertising content that were prohibited by the Iowa Disciplinary Rules but which were within the scope of the first amendment's protection relating to commercial speech. Consequently, he sought declaratory and injunctive relief against the appellee, the Committee on Professional Ethics and Conduct of the Iowa State Bar Association (hereinafter referred to as the Committee). Bishop did not seek class relief in his original complaint.

On August 20, 1981, the district court [1] entered judgment. *See Bishop v. Committee on Professional Ethics and Conduct of the Iowa State Bar Association*, 521 F.Supp. 1219 (S.D.Iowa 1981). The court held that several provisions of the Iowa Disciplinary Rules violated Bishop's first amendment rights relating to commercial speech and, therefore, the court enjoined the Committee from enforcing those provisions. The court upheld the constitutionality of the Iowa Disciplinary Rules relating to lawyer adver-

---

* The Honorable Roy L. Stephenson assumed the status of Senior United States Circuit Judge effective April 1, 1982.

** The Honorable Robert Van Pelt, Senior United States District Judge for the District of Nebraska, sitting by designation.

1. The Honorable Harold D. Vietor, United States District Court for the Southern District of Iowa.

tising in all other respects.[2] *See id.* at 1232–33. On September 18, 1981, Bishop filed a notice of appeal from the district court's decision. On appeal Bishop generally continues to challenge the constitutionality of those Iowa Disciplinary Rules relating to lawyer advertising which the district court upheld. The Committee filed a cross-appeal asserting that the district court erred in concluding that some of the Iowa Disciplinary Rules relating to lawyer advertising unconstitutionally infringed on Bishop's first amendment commercial speech rights. In a related case consolidated with this appeal and cross appeal on the merits, *Committee on Professional Ethics and Conduct of the Iowa State Bar Association v. Bishop*, No. 82–1012 (filed Feb. 2, 1982), the Committee also appeals the district court's December 14, 1981 Order allowing attorney's fees to Bishop as the prevailing party under 42 U.S.C. § 1988 (1976).

For present purposes we need not detail or address the district court's exact findings on the merits, the appellant's specific assertions of error on appeal, or the issues raised by the Committee in its cross appeal.[3] What concerns this court now relates to the procedural history of this case subsequent to the district court's entry of judgment and certain facts coming to light during or subsequent to oral argument in this court on March 25, 1982. The following discussion details these facts in the chronological order in which they occurred not necessarily the order in which they came to this court's attention.

Sometime after the district court's judgment was rendered in the instant case on August 21, 1981, the Committee received reports of alleged ethical violations by the appellant Bishop which were unrelated to the Iowa Disciplinary Rules regarding lawyer advertising, and an investigation was undertaken. On January 5, 1982, Bishop apparently signed a sworn affidavit which empowered his attorney, Michael W. Liebbe,[4] to surrender Bishop's license to practice law in Iowa on the grounds that Bishop was "personally, emotionally and psychologically unable to practice law at this time." On February 26, 1982, the Iowa Committee on Ethics and Conduct filed an accusation against Bishop pursuant to Iowa Code § 610.25 (1975) generally alleging violations of disciplinary rules relating to the use of client's monies. Bishop was given until April 15, 1982, to file an appearance and answer to the accusation.

Apparently concerned that the prosecution of Bishop under the accusation for ethical violations might result in Bishop's disbarment and render moot the appeals in the instant case, counsel for Bishop and the Committee filed a joint application to this court on March 4, 1982, for the limited purpose of remanding to the district court so that the parties could jointly file an application for class certification under Fed. R.Civ.P. 23(b)(2). This court granted the application and remanded to the district court on March 4, 1982.[5] Consequently, on March 8, 1982, Bishop's counsel filed a motion to amend the original complaint and an amendment to the complaint seeking class certification. In that complaint counsel alleged, *inter alia*, that Bishop was *currently* practicing law in Iowa and desired to advertise his services in ways prohibited by the Iowa Disciplinary Rules. The motion to certify the case as a class action was sup-

---

**2.** The district court stayed its injunction pending appeal. *Bishop v. Comm. on Professional Ethics and Conduct of the Iowa State Bar Ass'n,* 521 F.Supp. 1219, 1233 (S.D.Iowa 1981).

**3.** For a general summary of the district court's findings, *see Bishop v. Committee, supra,* 521 F.Supp. at 1232–33.

**4.** Michael W. Liebbe was not Bishop's attorney in the present case.

**5.** It is important to note that at the time the joint application for limited remand to the district court was granted this court was unaware of the existence of Bishop's January 5, 1982 affidavit or any other circumstances, other than the pending ethical violations proceedings against Bishop, which might suggest that Bishop's claims had become moot. Furthermore, at the time we remanded this case for possible class certification it obviously was not the intention of this court to permit the district court to waive the hearing and analysis requirements of Rule 23 and to certify the class and class representative without any hearing whatsoever.

ported by an affidavit by the *appellee Committee's counsel*, which generally supported the maintainability of the instant case as a class action under Rule 23(b)(2). Although the affidavit disclosed the pending disciplinary proceedings against Bishop for rule violations unrelated to lawyer advertising, it did not reveal any other circumstances concerning Bishop's present activities, location, or ability to properly represent the class.

The same day that the motion for class certification was filed by Bishop's counsel, March 8, 1982, the district court[6] entered an order for the Committee's counsel to show cause why this action should not be certified as a class action under Rule 23(b)(2). Needless to say, the Committee did not show cause. That same day, without a hearing, and based only on the pleadings and the affidavit of the Committee's counsel, the court certified the case as a class action and designated the class to be comprised of all "lawyers of the State of Iowa who were desirous, are desirous, and in the future will be desirous of advertising their services to the public by manner, means, content and at times and places that are not permitted by the present Code of Professional Responsibility for Lawyers."[7]

At oral argument had before this court on Bishop's appeal on March 25, 1982, the court was advised by counsel for both parties that they were unaware of Bishop's present whereabouts. They indicated that to their knowledge Bishop had ceased practicing law and left Iowa sometime prior to the time the class was certified. As a result of this information we requested that the parties provide this court with supplemental briefs addressing, *inter alia*, the potential mootness of Bishop's individual claims and propriety of the class certification in this case.

On April 2, 1982, Bishop's attorney, Michael W. Liebbe, filed a statement by attorney with the Iowa Supreme Court in which he purported to be empowered by Bishop to surrender Bishop's license to practice in the State of Iowa. Attached to this statement was Bishop's January 5, 1982 sworn affidavit. On April 15, 1982, the Iowa Supreme Court set the matter for a hearing before the court on May 12, 1982.[8]

On April 29, 1982, this court received a sworn affidavit executed on April 26, 1982, from Gordon S. Allen, one of Bishop's attorneys in the instant appeal. In this affidavit Allen stated that he had spoken briefly with Bishop by phone on April 20, 1982, and that Bishop had expressed his desire to maintain his Iowa license.[9]

On May 13, 1982, after an en banc hearing on May 12, 1982, at which the Iowa Supreme Court heard sworn testimony by attorney Michael W. Liebbe concerning Bishop's fitness to practice law and his willingness to surrender his law license, the Supreme Court of Iowa entered an order staying all proceedings against Bishop arising out of the Iowa Code § 610.25 accusation until further notice.[10] On June 1, 1982, the Iowa Supreme Court accepted Bishop's voluntary surrender of his license and revoked Bishop's license. In its per curiam opinion the court stated:

> Bishop, through the sworn, authorized testimony of his attorney [Michael W. Liebbe], *admitted that he was emotionally and psychologically unfit to practice law at this time and admitted the allegations of the accusation outlined above.*[11]

---

**6.** The Honorable William C. Stuart, Chief Judge, United States District Court for the Southern District of Iowa. It should be noted that while the case was originally tried by Judge Vietor, it was a different district court judge who made the class action determination.

**7.** *Bishop v. Comm. on Professional Ethics and Conduct of the Iowa State Bar Ass'n,* Civ. 81–47–D (S.D.Iowa March 8, 1982) (order for class certification and class designation).

**8.** In re *Accusation Against Bishop,* No. 2–68112 (Iowa S.Ct. April 15, 1982) (Order).

**9.** It is difficult to square this representation with Bishop's earlier affidavit or the earlier disciplinary proceedings in the Iowa Supreme Court.

**10.** In re *Accusation Against Bishop,* 320 N.W.2d 47 (Iowa S.Ct.1982) (Order).

**11.** These allegations of unethical and unprofessional conduct in violation of the Iowa Disciplinary Rules included conversion by Bishop of client's monies for Bishop's own personal use and failure to perform legal services for which he had already received payment. *See* In re

This court now finds as follows: 1. Gary T. Bishop has freely, voluntarily, and knowingly given his consent to surrender his license to practice law. 2. Bishop is aware of the pending proceeding pursuant to Chapter 610, The Code, involving allegations of the nature set out above which provide grounds for discipline. 3. *Bishop acknowledges the material facts in the accusation*, except for those contained in paragraph "10" thereof, are true.

In re *Accusation Against Bishop*, 320 N.W.2d 47 at 48 (Iowa S.Ct.1982) (emphasis supplied).

We believe that this procedural history and the related facts present this court with a substantial jurisdictional obstacle that precludes us from reaching the merits in this case. Specifically we are concerned with the questions of:

(1) whether or not Bishop's individual cause of action challenging the constitutionality of the Iowa Disciplinary Rules has become moot, and, if so;

(2) whether or not the class certification entered on March 8, 1982, was proper in light of the fact that: (a) the class was certified over six months after a judgment had been entered on Bishop's individual claims, (b) the district court certified the class, without any hearing whatsoever, solely on the basis of the amended pleadings and the appellee's counsel's supporting affidavit, and (c) serious questions exist concerning the adequacy of Bishop as a proper class representative under Fed.R.Civ.P. 23(a)(4).

Because we believe that Bishop's individual claims concerning the constitutionality of the Iowa Disciplinary Rules relating to lawyer advertising have been rendered moot by the Iowa Supreme Court's decision revoking Bishop's license to practice law in the State of Iowa, and that a class was never properly certified by the district court, we vacate the decision of the district court and remand for dismissal of the appellant's complaint on the grounds of mootness.

*Accusation Against Bishop*, 320 N.W.2d 47 at

*Mootness*

It is axiomatic that federal court jurisdiction is limited by Article III of the United States Constitution to "cases" and "controversies." *See, e.g., United States Parole Commission v. Geraghty*, 445 U.S. 388, 395, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980).

[T]hose words limit the business of federal courts to questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process. And in part those words define the role assigned to the judiciary in a tripartite allocation of power to assure that the federal courts will not intrude into areas committed to the other branches of government.

*Flast v. Cohen*, 392 U.S. 83, 94–95, 88 S.Ct. 1942, 1949–1950, 20 L.Ed.2d 947, 958–959 (1968). Embodied in the "cases or controversies" requirement is the concept of mootness, which "defines constitutionally minimal conditions for the invocation of federal judicial power." *Franks v. Bowman Transportation Co.*, 424 U.S. 747, 754, 96 S.Ct. 1251, 1259, 47 L.Ed.2d 444 (1976). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1950, 23 L.Ed.2d 491 (1969).

It is firmly established in the context of class action suits that the named plaintiff must present a live "case or controversy at the time the complaint is filed, at the time the class action is certified by the District Court pursuant to Rule 23," and at the time of appellate review. *Sosna v. Iowa*, 419 U.S. 393, 402, 95 S.Ct. 553, 558, 42 L.Ed.2d 532 (1975) (footnote omitted). Generally, in order to avoid dismissal on the grounds of mootness, the named plaintiff, throughout the course of the litigation, "must show that the threat of injury in a case * * * is 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Sosna v. Iowa, supra*, 419 U.S. at 403, 95 S.Ct. at 559 (citations omitted). The named plaintiff must maintain a "personal stake" in the outcome of the litigation in order to assure

48 (Iowa S.Ct.1982).

"that federal courts are presented with disputes they are capable of resolving." *United States Parole Commission v. Geraghty, supra,* 445 U.S. at 397, 100 S.Ct. at 1209. Finally, it must be noted that it is beyond cavil that the federal judicial power limited by the Article III "case or controversy" requirement may not be invoked by stipulation of the parties in a case,[12] and it is incumbent upon the court, on its own, to address any questions that arise concerning mootness before proceeding to the merits of a case. *See, e.g., Sosna v. Iowa,* 419 U.S. at 398, 95 S.Ct. at 556.

In light of the information received by this court subsequent to oral argument in this case and in particular the Iowa Supreme Court decision of June 1, 1982, revoking appellant Bishop's license to practice law in the State of Iowa, we believe the conclusion is inescapable that Bishop's individual claims are now moot.[13]

---

**12.** The record in the instant case is strongly suggestive of such an attempt by counsel to stipulate to jurisdiction. Although it appears that appellant Bishop presented a "live" controversy at the time his complaint was filed, at the time of the district court's decision on the merits, and at the time notice of appeal was filed, it also appears that subsequently serious questions arose concerning the potential mootness of Bishop's individual claims on grounds other than Bishop's possible future disbarment. Nevertheless, neither counsel for the appellant nor counsel for the Committee addressed these other problems until questioned by this court at oral argument on the appeal. The record also discloses that when the parties became concerned about potential mootness problems associated with Bishop's individual claims, they filed a *joint* application for limited remand for class certification. On remand to the district court for class certification, counsel for the Committee not only did not oppose class certification, but submitted the sole affidavit in support of class certification. Moreover, when counsel were requested by this court at oral argument to supply supplemental briefs addressing the mootness issue, they sought to file a *joint* brief. When that request was denied, both counsel filed briefs urging this court to find that Bishop's individual claims were not moot.

Thus, at a minimum, the record suggests that the mootness issue has yet to be presented to this court in an adversary manner. While we fully recognize the importance of the constitutional issues present in this case, and we do not doubt the earnestness of the parties in seeking a decision on the merits, we believe that it is appropriate to reiterate the Supreme Court's statement in *Kremens v. Bartley,* 431 U.S. 119, 97 S.Ct. 1709, 52 L.Ed.2d 184 (1977) concerning the rules of justiciability arising out of the "case or controversy" requirement: " 'The fact that it would be convenient for the parties and the public to have promptly decided whether the legislation assailed is valid, cannot justify a departure from these settled rules * * *.' " *Id.* at 136, 97 S.Ct. at 1718 (quoting *Ashwander v. TVA,* 297 U.S. 288, 345, 56 S.Ct. 466, 482, 80 L.Ed. 688 (1936) (Brandeis, J., concurring)).

**13.** We recognize that an exception to the general rule requiring dismissal for mootness when a named plaintiff no longer has a personal stake in the outcome of the litigation, applies in cases which present issues "capable of repetition, yet evading review." *See United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 398, 100 S.Ct. 1202, 1209, 63 L.Ed.2d 479 (1980). This doctrine applies even where the named plaintiff's personal claim expires prior to class certification. *See id.*

One application of this doctrine occurs in cases in which due to the inherently transitory nature of proposed class representative's individual claims and the realities of the judicial process, the proposed class representative's individual interest will expire prior to the time a district court reasonably could be expected to rule on a motion for class certification. *See id.* at 399, 100 S.Ct. at 1210; *Sosna v. Iowa,* 419 U.S. 393, 402 n.11, 95 S.Ct. 553, 558 n.11, 42 L.Ed.2d 532 (1975). *See, e.g., Gerstein v. Pugh,* 420 U.S. 103, 110 n.11, 95 S.Ct. 854, 861 n.11, 43 L.Ed.2d 54 (1975) (in a suit challenging constitutionality of pretrial detention without a probable cause hearing the Court stated that plaintiffs fell within this exception to the general rule because "[i]t is by no means certain that any individual, named as plaintiff, would be in pretrial custody long enough for the district judge to certify the class." *Id.*). The instant case clearly does not fall within this branch of the doctrine since there is absolutely no reason to expect that Bishop's individual interest in advertising means and contents prohibited by the Iowa Disciplinary Rules would expire prior to the time the district court could reasonably be expected to certify a class action.

The doctrine of "capable of repetition, yet evading review" has also been applied to allow a named plaintiff to litigate an issue despite the mootness of his or her personal claim in cases where the named plaintiff's expired individual claim may be expected to reoccur. *United States Parole Comm'n v. Geraghty, supra,* 445 U.S. at 398, 100 S.Ct. at 1209. *See, e.g., Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975); *Roe v. Wade,* 410 U.S. 113, 123–25, 93 S.Ct. 705, 711–712, 34 L.Ed.2d 147 (1973). However, a court must be able to conclude that reoccurrence of the plaintiff's expired claim may be *reasonably* expect-

Nevertheless, this conclusion does not end our inquiry in the circumstances of the instant case.

*Class Certification*

■ The presence of a certified class in a case in which the named plaintiff's claims have become moot after class certification may substantially alter our Article III analysis, and "the mootness of the named plaintiff's claims does not 'inexorably' require dismissal of the action." *Kremens v. Bartley,* 431 U.S. 119, 129–30, 97 S.Ct. 1709, 1715–1716, 52 L.Ed.2d 184 (1977). "When the district court certifies the propriety of a class action, the class of unnamed persons described in the certification acquire[s] a legal status separate from the interest asserted by [the named plaintiff]," and, consequently, the Article III "cases or controversies" requirement is satisfied. *Sosna v. Iowa, supra,* 419 U.S. at 399–402, 95 S.Ct. at 557–558. *See Franks v. Bowman Transportation Co., supra,* 424 U.S. at 753, 96 S.Ct. at 1258. However, the mere fact that a class has been certified by the district court is not necessarily sufficient to require the court to reach the merits of the class claims when the claims of the named representative have become moot. *Kremens v. Bartley, supra,* 431 U.S. at 130, 97 S.Ct. at 1716. It is well established that "only a 'properly certified' class * * * may succeed to the adversary position of a named plaintiff whose claim became moot." [14] *Id.* at 132–33, 97 S.Ct. at 1716–1717 (citing *Indianapolis School Commissioners v. Jacobs,* 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975)). *See United States Parole Comm'n v. Geraghty, supra,* 445 U.S. at 397, 100 S.Ct. at 1209; *East Texas Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395, 406 n.12, 97 S.Ct. 1891, 1898 n.12, 52 L.Ed.2d 453 (1977); *Franks v. Bowman Transportation Co., supra,* 424 U.S. at 755, 96 S.Ct. at 1259. *See, e.g., Indianapolis School Commissioners v. Jacobs,* 420 U.S. 128, 129–30, 95 S.Ct. 848, 849–850, 43 L.Ed.2d 74 (1975); *Holt v. Moore,* 541 F.2d 460, 462 (4th Cir. 1976).

In *Indianapolis School Commissioners v. Jacobs, supra,* six named plaintiffs challenged the constitutionality of certain high school regulations. The complaint was filed as a class action under Fed.R.Civ.P. 23(a)

---

ed, rather than be a mere possibility, *see SEC v. Medical Comm'n for Human Rights,* 404 U.S. 403, 406, 92 S.Ct. 577, 579, 30 L.Ed.2d 560 (1972), and "speculative contingencies" do not provide a sufficient basis for such a conclusion. *See Hall v. Beals,* 396 U.S. 45, 49, 90 S.Ct. 200, 202, 24 L.Ed.2d 214 (1969).

We do not believe that appellant Bishop's claims fall within this branch of the doctrine. Although it is not entirely inconceivable that Bishop may at some time in the future again seek to practice law and advertise that practice in the State of Iowa, this possibility is far too remote and speculative in light of the multiple intervening contingencies that would have to occur before Bishop once again would be in a position to challenge the Iowa Disciplinary Rules relating to lawyer advertising. *Cf. Allen v. Likins,* 517 F.2d 532 (8th Cir. 1975) (Plaintiff challenged constitutionality of statute that removed plaintiff's children from her custody upon her incarceration in prison. Prior to class certification, plaintiff was paroled and regained custody of her children. Despite plaintiff's claim that she might again be unconstitutionally deprived of custody of her children if her parole was revoked, this court held that plaintiff's claims were moot and did not present issues "capable of repetition, yet evading review." The court reasoned that in light of the four contingencies, three of which were within the discretion of the government, the threat of again losing custody could not be considered a real and immediate danger.) *See also Hall v. Beals, supra,* 396 U.S. at 49, 90 S.Ct. at 202.

Before Bishop could once again be subjected to the allegedly unconstitutional Iowa Disciplinary Rules relating to lawyer advertising the following contingencies must occur: (1) Bishop would have to return to the State of Iowa; (2) Bishop would have to seek readmission to the Iowa Bar; (3) the Supreme Court of Iowa would have to determine that Bishop was fit to practice law in Iowa and readmit Bishop to the Bar; (4) Bishop would have to commence practice of law in Iowa. Thus, although we have little doubt that the Iowa Disciplinary Rules relating to lawyer advertising will continue to be applied to Iowa attorneys in the future, "there is no demonstrated probability that [Bishop] will again be among that number." *Weinstein v. Bradford, supra,* 423 U.S. at 149, 96 S.Ct. at 348 (citation omitted).

14. The reasoning for this requirement is that because "faulty certification prevent[s] the class from acquiring separate legal status, Art. III require[s] dismissal." *United States Parole Comm'n v. Geraghty, supra,* 445 U.S. 388, 413, 100 S.Ct. 1202, 1217, 63 L.Ed.2d 479 (1980) (Powell, J., dissenting, joined by C. J. Burger, J. J. Stewart, Rehnquist).

and (b)(2) on behalf of all students attending schools under the control of the Indianapolis Board of School Commissioners. The district court purported to certify the class action on the record, stating that the named plaintiffs were proper class representatives under Rule 23(a). At oral argument before the Supreme Court, the Court was informed by counsel that all of the named plaintiffs had graduated from high school. The Court indicated that unless the class action had been properly certified, the case should be dismissed as moot. Examining the district court's purported class certification the Court noted that the district court had failed to comply with the provisions of Rule 23(c)(1)[15] and 23(c)(3).[16] Therefore, the Court held that "[b]ecause the class action was never properly certified nor the class properly identified by the District Court," the judgment of the district court must be vacated and the complaint dismissed. *Id.* at 130, 95 S.Ct. at 850.

Although the Court in *Jacobs* was apparently only concerned with the failure of the district court to comply with the formal requirements in Rule 23(c), there is little reason to doubt that the general rule in *Jacobs* applies to all of the Rule 23 prerequisites to maintaining a class action, including the requirements contained in Rule 23(a).[17] *See Kremens v. Bartley, supra,* 431 U.S. at 132–34, 97 S.Ct. at 1716–1717; *Holt v. Moore, supra,* 541 F.2d at 462. *Cf. General Telephone Co. v. Falcon,* —— U.S. ——, ——, 102 S.Ct. 2364, 2371, 72 L.Ed.2d 740 (1982) (Supreme Court addressed the propriety of a class certification by the district court, and reversed on the grounds that the district court had failed to evaluate carefully whether the plaintiff was a proper class representative under Rule 23(a)); *East Texas Motor Freight System, Inc. v. Rodri-*

*guez, supra,* 431 U.S. at 403, 405–06 & n.12, 97 S.Ct. at 1896, 1897–1898 & n.12 (Supreme Court vacated court of appeals' certification of a class action on the grounds that the court erred in certifying the class action because the named plaintiffs were not proper representatives of the class under Rule 23(a)).

In *Kremens v. Bartley, supra,* 431 U.S. 119, 97 S.Ct. 1709, 52 L.Ed.2d 184, a class action was brought challenging the constitutionality of statutes governing voluntary and involuntary commitment to state mental institutions of persons eighteen years of age and younger. The district court certified the class action, but subsequent to the class certification new legislation mooted the claims of the named plaintiffs. *Id.* at 129, 97 S.Ct. at 1715. However, because the case had been certified as a class action, the Court concluded that it was necessary under *Indianapolis School Commissioners v. Jacobs, supra,* to examine whether the case had been "properly certified" by the district court under Fed.R.Civ.P. 23(a). Because the Court found that the initial class certification was dubious in light of certain regulations effecting the homogeneity of the class, and subsequent legislation had further fragmented the original class and mooted some class members' claims, the Court refused to pass on the merits of the class' constitutional claims. The Court concluded that

before the "live" claims of the fragmented subclasses remaining in this litigation can be decided on the merits, the case must be remanded to the District Court for reconsideration of the class definition, exclusion of those whose claims are moot, and substitution of class representatives with live claims.

---

**15.** Fed.R.Civ.P. 23(c)(1) provides in relevant part that: "As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained.

**16.** *Id.* Rule 23(c)(3) provides in relevant part that: "The judgment in an action maintained as a class action under subdivision * * * (b)(2) * * * shall include and describe those whom the court finds to be members of the class."

**17.** *Id.* Rule 23(a) provides:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

*Kremens v. Bartley, supra,* 431 U.S. at 134–35, 97 S.Ct. at 1717–1718.

In *Holt v. Moore, supra,* 541 F.2d 460, a prisoner in custody of the North Carolina Department of Corrections challenged the constitutionality of the detainer policy followed by North Carolina. On January 24, 1974, the plaintiff was released from North Carolina custody. On June 25, 1974, the district court entered an order allowing plaintiff to file an amended complaint seeking class certification, and certified the case as a class action pursuant to Fed.R.Civ.P. 23. The Fourth Circuit remanded to the district court to dismiss the case as moot because the court concluded that the plaintiff's claim was mooted by his release from state custody and because the class action could not have been properly certified by the district court in light of the fact that the plaintiff, not in custody at the time the class was certified, "could not have been a member of the class he sought to represent." 541 F.2d at 462.

In light of *Indianapolis School Commissioners v. Jacobs, supra,* and subsequent cases, we must carefully examine the propriety of the class certification entered in this case by the district court on March 8, 1982. In particular we are concerned with the facts that (1) the class was certified without a hearing by a district court judge, other than the original trial court judge, on the basis of only the amended pleadings and supporting affidavit by the appellee Committee's counsel, and (2) Bishop does not appear to have been a proper class representative under Fed.R.Civ.P. 23(a)(4) at the time of class certification.[18]

"Initially, we note that a trial court has broad discretion in determining whether a class action may be maintained, and its determination will not be overturned absent a showing that it abused that discretion." *Shapiro v. Midwest Rubber Reclaiming Co.,* 626 F.2d 63, 71 (8th Cir. 1980); *see Polin v. Conductron Corp.,* 552 F.2d 797, 802 (8th Cir.), *cert. denied,* 434 U.S. 857, 98 S.Ct. 178, 54 L.Ed.2d 129 (1977). However, a class action may properly be certified only "if the trial court is satisfied, *after rigorous analysis,* that the prerequisites of Rule 23(a) have been satisfied." *General Telephone Co. v. Falcon, supra,* ——

---

18. We also question the propriety of class certification entered in this case over six months after judgment was entered by the district court on the merits. Under Fed.R.Civ.P. 23(c)(1) "[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." This requirement has been held to apply to all class actions, including those brought pursuant to Rule 23(b)(2). *See Jimenez v. Weinberger,* 523 F.2d 689, 697 (7th Cir. 1975), *cert. denied, Mathews v. Jimenez,* 427 U.S. 912, 96 S.Ct. 3200, 49 L.Ed.2d 1204 (1976). There has been some variance among the circuits as to the exact nature of the Rule 23(c)(1) limitation on when a class action may be certified, *see, e.g., Gurule v. Wilson,* 635 F.2d 782, 788–90 (10th Cir. 1980) (post-judgment class certification proper in Rule 23(b)(2) class action in the unusual circumstances of that case); *Alexander v. Aero Lodge No. 735,* 565 F.2d 1364, 1372 (6th Cir. 1977), *cert. denied,* 436 U.S. 946, 98 S.Ct. 2849, 56 L.Ed.2d 787 (1978) (same); *Nance v. Union Carbide Corp.,* 540 F.2d 718, 723 n.9 (4th Cir. 1976) (determination of class status must be made prior to decision on merits); *Larionoff v. United States,* 533 F.2d 1167, 1183 (D.C.Cir. 1976) (simultaneous entry of judgment and class certification permissible); *Jimenez v. Weinberger, supra,* 523 F.2d 697 ("in some cases the final certification need not be made *until* the moment the merits are decided.").

Nevertheless, this court has indicated that in certain unusual circumstances post-judgment class certification is permissible in Rule 23(b)(2) class actions. *See Marshall v. Kirkland,* 602 F.2d 1282, 1301 (8th Cir. 1979); *Johnson v. Mathews,* 539 F.2d 1111, 1125 n.23 (8th Cir. 1976). These unusual circumstances included the facts that: (1) plaintiffs had either filed the original complaint as a class action or moved to proceed as a class action prior to the decision on the merits, but the district court had failed to formally certify the class under Rule 23(c)(1), *see* 539 F.2d 1125 n.23; 602 F.2d at 1301, and (2) the case had been tried as a class action and the district court had ordered class relief. *See id.;* 539 F.2d at 1125 & n.23, 1126. In light of the fact that the instant case was not originally filed as a class action, apparently was not tried as a class action, and appellant Bishop did not move for class certification prior to the judgment on the merits, we seriously doubt if post-judgment class certification was proper. However, we need not base our decision in the present case on such a finding in view of our determination that the class certification was clearly improper on other grounds. See text *infra.*

U.S. at ——, 102 S.Ct. at 2373 (emphasis added). The district court is under an obligation "to evaluate carefully the legitimacy of the named plaintiff's plea that he is a proper class representative under Rule 23(a)." *Id.* at ——, 102 S.Ct. at 2371. Thus, the Supreme Court has admonished district courts that they are "to 'stop, look, and listen' before certifying a class in order to adjudicate constitutional claims," *Kremens v. Bartley, supra,* 431 U.S. at 135, 97 S.Ct. at 1718, and this court has stated that " '[t]he adequacy of the representation issue is now of critical importance in all class actions and the court is under an obligation to pay careful attention to the Rule 23(a)(4) prerequisite in every case.' " *Vervaecke v. Chiles, Heider & Co.,* 578 F.2d 713, 719 (8th Cir. 1978) (quoting C. Wright & A. Miller, Federal Practice and Procedure § 1765, at 616–17 (1972)). Finally, it should be noted that a named plaintiff has the burden of establishing that a case is certifiable as a class action and that, as the class representative, the named plaintiff meets all of the Rule 23(a) requirements. *See Smith v. Merchants & Farmers Bank,* 574 F.2d 982, 983 (8th Cir. 1978) (disapproved on other grounds in *Gardner v. Westinghouse Broadcasting Co.,* 437 U.S. 478, 98 S.Ct. 2451, 57 L.Ed.2d 364 (1978)); *Valentino v. Howlett,* 528 F.2d 975, 978 (7th Cir. 1976).

■ The record relating to the class certification in the instant case clearly reveals that the trial court erred by failing to carefully evaluate the issue of whether Bishop was a proper class representative under Rule 23(a)(4). As noted previously, the entire proceedings concerning class certification, including the filing of the motion seeking class certification, the filing of the Committee's counsel's affidavit in support of the motion, the district court's order to the Committee to show cause why the action should not be maintained as a class action, and the district court's order certifying the class, occurred in a single day, March 8, 1982. Moreover, the class certification was entered by a district court judge other than the judge who originally tried the case without a hearing and only on the basis of the amended pleadings and the appellee's counsel's supporting affidavits. Although

it may well be that sometimes the issues are sufficiently clear from the pleadings for the district court to conclude that the Rule 23(a) prerequisites to maintaining a class action have been met, there are cases in which the district court must "probe behind the pleadings before coming to rest on the certification question." *General Telephone Co. v. Falcon, supra,* —— U.S. at ——, 102 S.Ct. at 2371. We believe this is such a case.

While the amended pleadings alleged that Bishop was an attorney practicing in the State of Iowa, and that he would adequately represent the interests of the class, the appellee's counsel's affidavit in support of class certification provided little information to support these allegations and disclosed the highly relevant fact that disciplinary proceedings for alleged ethical violations not involving lawyer advertising had been undertaken against Bishop in state court which might result in Bishop's disbarment. This information, as well as the obvious lack of an adversary presentation of the adequacy of representation issue to the district court, indicates that further scrutiny of that issue was required. Nevertheless, without directly addressing the issue of the adequacy of Bishop as the class representative in its order, the district court certified the case as a class action apparently on the basis of the failure of the Committee to show cause why the action should not be maintained as a class action.

If the only error in the class certification proceedings was the failure of the district court to carefully consider the adequacy of Bishop as a class representative, and if we now only doubted Bishop's ability to adequately represent the interest of the class at the time the class action was certified, remand to the district court for reconsideration of that question might be appropriate. *See, e.g., id.* at ——, 102 S.Ct. at 2373; *Kremens v. Bartley, supra,* 431 U.S. at 133–35, 97 S.Ct. at 1716–1718. *But see Indianapolis School Commissioners v. Jacobs, supra,* 420 U.S. at 130, 95 S.Ct. at 850. However, we believe that remand is not appropriate in the instant case in light of the fact that the admissions of the parties at oral

argument before this court, the subsequent filings in state court concerning Bishop's continuing ability to practice law, and the June 1, 1982 order and opinion by the Iowa Supreme Court revoking Bishop's license to practice law, clearly show that Bishop was not an adequate representative for the class at the time the class was certified.

■ It is fundamental in order to meet the Rule 23(a)(4) adequate representation prerequisite that at the time the class is certified "a class representative must be a part of the class and 'possess the same interest and suffer the same injury' as the class members." [19] *East Texas Motor Freight System, Inc. v. Rodriguez, supra,* 431 U.S. at 403, 97 S.Ct. at 1896. *See General Telephone Co. v. Falcon, supra,* —— U.S. at ——, 102 S.Ct. at 2369. As noted previously, the class certified in the instant case was composed of all "*lawyers in the State of Iowa* who were desirous, are desirous, and in the future will be desirous of advertising their services to the public by a manner, means, content and at a time and places that are not permitted by the present Iowa Code * * *." *Bishop v. Committee on Professional Ethics,* Civ. 81–47–D (S.D.Iowa March 8, 1982) (Order). At oral argument counsel for the parties in the present case admitted that, to their knowledge, Bishop was absent from and no longer practicing law in the State of Iowa at the time the class action was certified by the district court. This admission is supported by the June 12, 1982 en banc order of the Iowa Supreme Court revoking Bishop's license to practice law. As the court's opinion makes apparent, the order was substantially based on the January 5, 1982 sworn affidavit by Bishop stating that he desired to surrender his license and that he was "personally, emotionally, and psychologically unable to practice law." *See* In re *Accusation Against Bishop, supra,* at 48. In light of

this affidavit and the sworn, authorized testimony of Bishop's attorney, the court explicitly found that Bishop had "freely, voluntarily, and knowingly given his consent to surrender his license to practice law" and had admitted the allegations in the accusation related to ethical violations. *Id.* at 48.

■ We believe that the conclusion is inescapable that an individual who was not in the State of Iowa, was not practicing law in Iowa, and had sworn that he was unable to practice law and desired to surrender his license to practice could not have been, at the time the class certification was sought, a member of the class of lawyers in Iowa who desired to advertise their legal services. Consequently, Bishop could not have been an adequate class representative and the class could not have been properly certified by the district court. *See Kremens v. Bartley, supra,* 431 U.S. at 132, 97 S.Ct. at 1716.

In summary, we hold that because Bishop's individual challenges to the constitutionality of the Iowa Disciplinary Rules no longer present a case or controversy as required by Article III, and because the class action was not properly certified by the district court, the case is moot. *See Indianapolis School Commissioners v. Jacobs, supra,* 420 U.S. at 129–30, 95 S.Ct. at 849–850. Therefore, we vacate the judgment of the district court and remand the case for dismissal of appellant Bishop's complaint. *See Great Western Sugar Co. v. Nelson,* 442 U.S. 92, 93–94, 99 S.Ct. 2149, 2149–2150, 60 L.Ed.2d 735 (1979); *Indianapolis School Commissioners v. Jacobs, supra,* 420 U.S. at 130, 95 S.Ct. at 850.

*Attorney's Fees*

On December 14, 1981, the district court awarded the appellant the amount of attorney's fees requested under 42 U.S.C. § 1988 (1976) in connection with his suit against the Committee under 42 U.S.C. § 1983

---

**19.** Another relevant factor to determining the adequacy of class representation under Fed.R. Civ.P. 23(a)(4) is the failure of the class representative to move for class certification prior to trial. *See East Texas Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395, 404–05, 97 S.Ct. 1891, 1897–1898, 52 L.Ed.2d 453 (1977). There the Court stated that "the named plaintiff's failure to protect the interest of the class

members by moving for certification surely bears strongly on the adequacy of the representation that those members might expect to receive." *Id.* at 405, 97 S.Ct. at 1898. It should be noted that in the instant case Bishop did not move for class certification until over six months after a judgment had been entered by the district court.

(1976). The total sum awarded was $8,046.02.[20] On appeal the Committee contends that the district court erred in holding that the appellant was a "prevailing party" entitled to attorney's fees under section 1988. Furthermore, the Committee argues that even if Bishop was a prevailing party the district court erred in failing to prorate attorney's fees according to the proportion of the issues appellant won and lost.

■ First, we note that it has been generally held that the dismissal on appeal of the underlying claims on the merits on the grounds of mootness is neither precluded by an award of attorney's fees, nor does such a dismissal preclude an award of attorney's fees. *See United States v. Ford*, 650 F.2d 1141, 1143 (9th Cir. 1981), *cert. denied, Midwest Growers Cooperative v. United States*, 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982); *Williams v. Alioto*, 625 F.2d 845, 847–48 (9th Cir. 1980), *cert. denied*, 450 U.S. 1012, 101 S.Ct. 1723, 68 L.Ed.2d 213 (1981); *Doe v. Marshall*, 622 F.2d 118, 120 (5th Cir. 1980), *cert. denied*, 451 U.S. 993, 101 S.Ct. 2336, 68 L.Ed.2d 855 (1981). In a case where the underlying action has been dismissed as moot on appeal, the propriety of an award of attorney's fees under 42 U.S.C. § 1988 turns on a determination of whether the plaintiff can be considered to have been a "prevailing party" in the underlying action in the district court, *see United States v. Ford, supra*, 650 F.2d at 1144; *Doe v. Marshall, supra*, 622 F.2d at 120; *Bagby v. Beal*, 606 F.2d 411, 414 (3d Cir. 1979), without regard to whether we think the district court's decision on the underlying merits is correct. *See Curtis v. Taylor*, 625 F.2d 645, 649 (5th Cir. 1980); *Bagby v. Beal, supra*, 606 F.2d at 415. Even preliminary or temporary relief granted by the district court

may be sufficient to make a plaintiff a "prevailing party" under section 1988. *See, e.g., Williams v. Alioto, supra*, 625 F.2d at 847–48; *Doe v. Marshall, supra*, 622 F.2d at 120.

The standards for determining whether a plaintiff is a prevailing party were most recently discussed by this court in *Reel v. Arkansas Department of Correction*, 672 F.2d 693, 697 (8th Cir. 1982) where the court stated:

A plaintiff qualifies as a prevailing party once he has been successful on a single substantial claim brought in the context of a civil rights suit; success on all claims made is not required. *Busche v. Burkee*, 649 F.2d 509, 521 (7th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981); *Oldham v. Ehrlich*, 617 F.2d 163, 168 n.9 (8th Cir. 1980). It is sufficient if a significant issue is determined in the plaintiff's favor and leads to the achievement of some of the benefits sought by bringing suit. *Bonnes v. Long*, 599 F.2d 1316 (4th Cir. 1979); *Nadeau v. Helgemoe*, 581 F.2d 275 (1st Cir. 1978). When a plaintiff essentially succeeds in obtaining the sought-after relief in his claims on the merits, that plaintiff is a prevailing party. *Morrison v. Ayoob*, 627 F.2d 669 (3d Cir. 1980) (per curiam), *cert. denied*, 449 U.S. 1102, 101 S.Ct. 898, 66 L.Ed.2d 828 (1981); *Swietlowich v. County of Bucks*, 620 F.2d 33 (3d Cir. 1980) (per curiam).

■ Applying these standards to the instant case, we believe that it must be concluded that Bishop was a prevailing party in the district court. A review of the district court's opinion reveals that Bishop was successful on four of his substantive claims.[21] We do not believe that these

---

**20.** On January 8, 1982, the award was modified to allow interest on that amount from and after August 20, 1981. *See Bishop v. Committee on Professional Ethics*, Civ.No. 81–47–D (S.D.Iowa Jan. 8, 1982) (amendment to order). It should also be noted that while the instant case, including the award of attorney's fees, was before this court on appeal, the district court entered orders releasing to Bishop's counsel the attorney's fees paid into the district court by the State of Iowa. *See Bishop v. Committee on Professional Ethics*, Civ. No. 81–47–D (S.D.

Iowa May 21, 1982) (Order); *Bishop v. Committee on Professional Ethics*, Civ. No. 81–47–D (S.D.Iowa April 29, 1982) (Order). The district court orders do not explain why the fees were released, and this court is somewhat perplexed by the district court's action and the lack of objection to the release of the attorney's fees by the Committee, in light of the fact that the Committee has appealed the district court's award of attorney's fees in the instant case.

**21.** The district court held that the Iowa Disciplinary Rules relating to lawyer advertising

claims can be characterized as insubstantial or insignificant. Furthermore, the district court awarded the declaratory and injunctive relief sought by Bishop on these claims. Thus, we believe that, for at least the period of time from the district court judgment on the merits until this court's decision vacating that judgment on the grounds of mootness, Bishop achieved "some of the benefits sought by bringing the suit" and "essentially succeed[ed] in obtaining the sought-after relief in his claim on the merits." *Reel v. Arkansas Department of Correction, supra,* 672 F.2d at 697.[22]

Nevertheless, the Committee also argues that the district court erred in failing to prorate the attorney's fees to the issues on which the plaintiff was the prevailing party. This issue was most recently addressed by this court in a case in which the Supreme Court has granted certiorari, *Eckerhart v. Hensley,* 664 F.2d 294 (8th Cir. 1981) (unpublished per curiam), *cert. granted,* 455 U.S. 988, 102 S.Ct. 1610, 71 L.Ed.2d 847 (1982). The question presented for review in that case is "should the award of attorney's fees, made pursuant to 42 U.S.C. [§] 1988, be proportioned to accurately reflect [the] extent to which plaintiff has prevailed on the merits of his lawsuit in district court." 50 U.S.L.W. 3690. In the present case, Bishop prevailed on only four of a number of claims raised and the district court awarded 100 percent of the fee requested by Bishop's counsel.

In view of the apparent relevance of the *Hensley* case to the attorney's fees issue raised by the Committee, we remand the question of attorney's fees to the district court for further consideration in light of this opinion and in light of the Supreme Court's upcoming disposition of the *Hensley* case.

were unconstitutional to the extent that they prohibited:

    (1) Characterization of his rates or fees by verifiable truthful use of restrained adjectives such as "reasonable," "very reasonable," and "moderate."

    (2) Identification by words of his race or his associate's race.

    (3) Advertising in publications other than newspapers and periodicals of general circulation.

Remanded to the district court for proceedings consistent with this opinion.

(4) Direct mailing of permissible advertising material.

*Bishop v. Committee on Professional Ethics, supra,* 521 F.Supp. at 1232.

**22.** It should be noted that we are not now ruling on the subject of attorney's fees in this court.