# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3539

_____

Planned Parenthood Great Plains

*Plaintiff - Appellee*

v.

Randall Williams, Director of the Missouri Department of Health and Senior
Services, in his official capacity

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: April 6, 2017
Filed: July 20, 2017

_____

Before GRUENDER, MURPHY, and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

-1-

Planned Parenthood of Kansas and Mid-Missouri (PPKM)[1] sought and obtained a permanent injunction against the Missouri Department of Health and Senior Services (DHSS) after DHSS attempted to revoke PPKM's license to provide abortion services. DHSS appeals the district court's[2] subsequent award of attorney's fees to PPKM. Having jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## I. Background

PPKM operates a healthcare facility in Columbia, Missouri, that previously provided women with abortion services. In Missouri, facilities that provide abortion services are a subset of ambulatory surgical centers (ASCs), and are regulated by DHSS. See Mo. Code Regs. Ann. tit. 19, §§ 30-30.050 to 30-30.070. For a facility to receive an ASC license to provide abortion services, a physician providing the services at the facility must "have staff privileges at a hospital within fifteen (15) minutes' travel time from the facility." Id. § 30-30.060(1)(C)(4).

DHSS issued PPKM an ASC license on July 15, 2015, while PPKM employed a physician with hospital privileges at the University of Missouri hospital. The license was valid through June 30, 2016. However, PPKM's physician lost her hospital privileges in September 2015 when the University of Missouri hospital ceased issuing and honoring the type of privileges she held. As a result, PPKM lacked one of the ASC license requirements at its Columbia facility, and informed DHSS that it had stopped providing abortion services at that facility.

---

[1] PPKM has undergone a name change due to a corporate merger, and now operates under the name Planned Parenthood Great Plains.

[2] The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

DHSS notified PPKM by letter on September 25, 2015, that its ASC license for the Columbia facility would be revoked effective December 1, 2015, unless PPKM satisfied the hospital privileges requirement. PPKM informed DHSS that it was working to re-establish hospital privileges. On November 25, 2015, DHSS again notified PPKM of its intent to revoke the Columbia facility's ASC license on December 1, 2015.

On November 30, 2015, PPKM filed a complaint in federal district court in Missouri pursuant to 28 U.S.C. § 1983 against DHSS' acting director, Peter Lyskowski,[3] in his official capacity, alleging that DHSS' imminent revocation of the Columbia facility's ASC license violated PPKM's Fourteenth Amendment rights to procedural due process and equal protection, and seeking declaratory and injunctive relief. PPKM simultaneously filed a motion for a temporary restraining order (TRO), asking the court for the opportunity to present expedited briefing on its request for a preliminary injunction. The district court granted PPKM's motion for a TRO, effective through December 2, 2015.

On December 2, 2015, after additional briefing and a telephone conference, the district court found that PPKM's equal protection claim had a substantial likelihood of success,[4] and entered a second TRO, effective through December 30, 2015. Then, on December 28, 2015, after limited discovery, further briefing, and a hearing, the district court granted PPKM's request for a preliminary injunction. DHSS appealed the preliminary injunction order, but on May 11, 2016, while that appeal was pending, the district court granted PPKM's motion for a permanent injunction,[5] and DHSS'

---

[3]On March 23, 2017, the court granted the appellant's motion to substitute Dr. Randall Williams for Peter Lyskowski as the director of DHSS.

[4]The court made no findings regarding PPKM's due process claim.

[5]The court again decided the case on PPKM's equal protection claim, and declined to address PPKM's due process claim.

appeal of the preliminary injunction was dismissed as moot.  See Planned Parenthood of Kan. & Mid-Mo. v. Lyskowski, No. 16-1302 (8th Cir. May 12, 2016) (dismissing appeal of preliminary injunction order pursuant to Fed. R. App. P. 42(b)).

PPKM's ASC license expired on June 30, 2016.  On August 1, 2016, the district court granted PPKM's motion for attorney's fees pursuant to 42 U.S.C. § 1988.  DHSS then appealed the permanent injunction and attorney's fees award. PPKM moved to dismiss DHSS' appeal of the district court's merits decision as moot in light of the fact that PPKM's license had expired.  DHSS did not resist the motion, and we limited DHSS' appeal to its challenge to the attorney's fees award.

DHSS argues that the district court erred in awarding attorney's fees because PPKM was not entitled to a TRO or a preliminary injunction, and because PPKM achieved only a technical victory that resulted in no real benefit to PPKM.

## II. Discussion

"We review de novo the legal issues related to an award of attorneys' fees, while the actual award is reviewed for an abuse of discretion." Snider v. City of Cape Girardeau, 752 F.3d 1149, 1159 (8th Cir. 2014).  DHSS first argues that the attorney's fees award is "erroneous because PPKM was not entitled to a temporary restraining order or a preliminary injunction."  DHSS claims that PPKM's award should therefore be reduced by the amount PPKM claimed for the hours attributed to work on the TRO and preliminary injunction.

DHSS' contention amounts to a repackaged argument on the merits.  We previously granted PPKM's motion to dismiss DHSS' merits arguments as moot; DHSS did not then and does not now dispute that its merits arguments are moot due to the expiration of the PPKM's ASC license on June 30, 2016.  When an appeal from the merits is moot, the court cannot examine the district court's underlying decision

-4-

on the merits to determine the appropriateness of an attorney's fees award. Bishop v. Comm. on Prof'l Ethics & Conduct of Iowa State Bar Ass'n, 686 F.2d 1278, 1290 (8th Cir. 1982); see also Ctr. for Biological Diversity v. Marina Point Dev. Co., 566 F.3d 794, 805–06 (9th Cir. 2008) (collecting cases). We therefore decline to review the merits of the district court's decisions to grant PPKM's motions for a TRO and preliminary injunction in determining whether its attorney's fees award was proper.

Instead, "[i]n a case where the underlying action has been dismissed as moot on appeal, the propriety of an award of attorney's fees under 42 U.S.C. § 1988 turns on a determination of whether the plaintiff can be considered to have been a 'prevailing party' in the underlying action." Bishop, 686 F.2d at 1290. DHSS argues that while PPKM "formally prevailed," "PPKM's technical success in obtaining a permanent injunction that prevented DHSS from revoking an unusable license that would soon expire does not justify a full fee award."

A party prevails "when actual relief on the merits of [its] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 111–12 (1992); see also Rogers Grp., Inc. v. City of Fayetteville, 683 F.3d 903, 909 (8th Cir. 2012) ("[T]o be a prevailing party entitled to a statutory attorneys' fee award, a party must obtain a *judicially sanctioned* material alteration of the legal relationship of the parties to the lawsuit." (quoting N. Cheyenne Tribe v. Jackson, 433 F.3d 1083, 1085 (8th Cir. 2006))). While orders "that merely maintain[] the status quo" are insufficient to confer prevailing status on a litigant, N. Cheyenne Tribe, 433 F.3d at 1086, "enforceable judgments on the merits and consent decrees create the requisite material alteration in the parties' legal relationship to achieve prevailing party status," Advantage Media, LLC v. City of Hopkins, 511 F.3d 833, 837 (8th Cir. 2008) (citing Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603–04 (2001)). See Lefemine v. Wideman, 133 S. Ct. 9, 11 (2012) (party receiving permanent injunction is prevailing party); Bishop, 686

F.2d at 1290 ("Even preliminary or temporary relief granted by the district court may be sufficient to make a plaintiff a 'prevailing party' under section 1988.").

The outcome in this case established PPKM as the prevailing party. See Bishop, 686 F.2d at 1290 (award of declaratory and injunctive relief sufficient to establish prevailing party). PPKM successfully prevented DHSS from prematurely revoking its ASC license in violation of PPKM's equal protection rights by obtaining both a preliminary and a permanent injunction. See Lefemine, 133 S. Ct. at 11 ("And we have repeatedly held that an injunction or declaratory judgment, like a damages award, will usually satisfy that [prevailing party] test." (citing Rhodes v. Stewart, 488 U.S. 1, 4 (1988) (per curiam))). Though PPKM was unable to secure a physician with hospital privileges before the expiration of the ASC license, its success in this litigation afforded it an additional six months to attempt to do so. After reviewing the issue de novo, see Jenkins by Jenkins v. Missouri, 127 F.3d 709, 713 (8th Cir. 1997), we conclude that PPKM was the prevailing party in this case. DHSS offers no additional reason to conclude that PPKM, as the prevailing party, is not entitled to the attorney's fees awarded by the district court.

### III. Conclusion

The district court did not abuse its discretion in awarding PPKM attorney's fees for its work at all stages of this litigation, Lefemine, 133 S. Ct. at 10, and PPKM's recovery in this case was not so technical as to render the award an abuse of discretion, cf. Farrar, 506 S. Ct. at 114. Therefore, we affirm.

_____