**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

VICTOR RIEMER; STEPHEN MARX;
JANET MARX,

     *Plaintiffs-Appellants,*

v.

COLUMBIA MEDICAL PLAN,
INCORPORATED,

     *Defendant-Appellee.*

No. 98-1136

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge. (CA-96-2544-L)

Argued: January 25, 1999

Decided: August 8, 2002

Before WIDENER and MURNAGHAN,* Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Remanded by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Frank Paul Bland, Jr., TRIAL LAWYERS FOR PUBLIC
JUSTICE, Washington, D.C., for Appellants. Ralph S. Tyler,

---

*Judge Murnaghan heard oral argument in this case but died prior to
the time the decision was filed. The decision is filed by a quorum of the
panel. 28 U.S.C. § 46(d).

HOGAN & HARTSON, L.L.P., Baltimore, Maryland, for Appellee. **ON BRIEF:** Sarah Posner, TRIAL LAWYERS FOR PUBLIC JUSTICE, Washington, D.C.; Kieron F. Quinn, Richard S. Gordon, LAW OFFICE OF KIERON QUINN, Baltimore, Maryland; Bryant L. Welch, BRYANT L. WELCH & ASSOCIATES, Potomac, Maryland; Robert K. Jenner, FREEMAN & JENNER, P.C., Rockville, Maryland; Bruce M. Plaxen, Blaine Kolker, PLAXEN & ADLER, P.A., Columbia, Maryland, for Appellants. George Beall, Heather H.P. Vovakes, HOGAN & HARTSON, L.L.P., Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Victor G. Riemer and Stephen and Janet Marx, members of Columbia Medical Plan, brought suit in the Circuit Court of Howard County, Maryland against Columbia Medical Plan claiming that Riemer had received $10,000 as a result of an automobile accident and that the Marxes had received $18,000 on behalf of their minor son as the result of an automobile accident and that against such sums Columbia Medical Plan had asserted subrogated interests as a result of medical or health care treatment or services rendered by Columbia in connection with the said accidents. Riemer and Mr. and Mrs. Marx sued on behalf of a class of all persons who "(1) are or have been members or insureds of COLUMBIA MEDICAL PLAN; (2) have received medical or health care treatment or services from COLUMBIA MEDICAL PLAN; and (3) have been notified by COLUMBIA MEDICAL PLAN that it had a lien against or subrogation interest in any money that the members or insureds had received from the third party." Excluded from the class are federal government employees who are insureds under contracts governed by the Federal Employee Health Benefits Act, 5 U.S.C. § 8901 et seq., and also individuals who "hold

[employment] or have ever been" employees of Columbia Medical Plan and spouses, children, siblings and children of such individuals.

Maryland statutes in effect at the time barred such subrogated rights. See Md. Health-General Code Ann. § 19-701, 710. Section 19-701(f)(3) provided "except for any co-payment or deductible arrangement (an HMO) is compensated only on a predetermined periodic rate basis," and § 19-710(o) provided that "individual enrollees and subscribers and health maintenance organizations shall not be liable to any health care provider for any covered services provided to the enrollee or subscriber."

Columbia removed the case to the district court claiming federal question jurisdiction and claimed that the Maryland statutory provisions preventing subrogation were preempted by ERISA. After a series of motions, hearings and argument, the district court entered the order which is appealed from, A. 190, which in effect granted Columbia's motion to dismiss for the claims of the class of persons who are covered by Columbia plans coming under ERISA, and remanded to the state court the claims of the class of persons whose Columbia plans are not covered by ERISA.

We have encountered several difficulties in the consideration of this case, the principal one of which is that we are unable to ascertain with any degree of reasonable certainty to which class, if any, of plaintiffs involved in this case, the named plaintiffs, Victor Riemer, Stephen Marx and Janet Marx, belong. Even if it may be assumed from their notice of appeal, because they have appealed, that they are members of an employee benefit plan governed by ERISA, 29 U.S.C. §§ 1001, et seq., we cannot determine from the record whether they are members of an ERISA plan which would permit subrogation by Columbia or which would not permit subrogation by Columbia. That difference is demonstrated by the case of *FMC Corp. v. Holliday*, 498 U.S. 52 (1990), in which the Court held that self-funded ERISA plans were not deemed to be the business of insurance under the deemer clause of ERISA, 29 U.S.C. § 1144(b)(2)(B), while an insured employee benefit plan under ERISA may be regulated by State law. 29 U.S.C. § 1144(b)(2)(A). And there are different types of self-funded plans. Cf. *American Medical Security Inc., et al. v. Bartlett, etc.*, 111 F.3d 358 (4th Cir. 1997), and also *Health South Rehabilita-*

*tion Hospital v. American National Red Cross, et al.*, 101 F.3d 1005 (4th Cir. 1996).

As noted, what kind of plan, if any, other than a Columbia Medical Plan, to which the named plaintiffs belong is not shown by the record with any degree of reasonable certainty. In that connection we also note that there has been no order under Fed. R. Civ. P. 23(c)(1) determining whether the case is to be maintained as a class action. Neither has there been any description of any class, unless it be in the order appealed from, describing as a putative class of plaintiffs those whose membership in the health care plan of the defendant Columbia is not governed by ERISA. While this order bears on the case, the question is whether Columbia is entitled to subrogation rights on account of certain payments it has made on account of certain medical expenses of certain of its members, not merely whether or not the Columbia Medical Plan is an employee benefit plan under ERISA.

The case must be remanded to the district court for further proceedings which will include, at least, ascertaining the relation of each of the named plaintiffs to the Columbia Medical Plan. Are they employees of employers whose employee benefit plans include Columbia Medical Plan as medical benefits insurance, or is Columbia Medical Plan an administrator of a self-funded employee benefit plan, or are they individuals who have subscribed to Columbia Medical Plan for medical benefits insurance, or is there some other relation the named plaintiffs have to Columbia Medical Plan?

At this point, it is worthwhile to note that "[a] litigant must be a member of a class which he or she seeks to represent at the time the class action is certified by the district court." *Holt v. Moore*, 541 F.2d 460, 462 (4th Cir. 1976), quoting *Sosna v. Iowa*, 419 U.S. 393, 403 (1975).

*REMANDED*