**Theodore STOUDT, On Behalf of Himself and All Others Similarly Situated, Plaintiff,**

v.

**E.F. HUTTON & CO., INC., E.F. Hutton Group, Inc., Hutton Hotels I, Viewmount Inc., Criswell DTC Associates, Ltd., a Texas Limited Partnership, Criswell Development Company, A Texas Corporation, William T. Criswell, Sharon L. Criswell and Paul Bagley, Defendants.**

No. 87 Civ. 4524 (WK).

United States District Court, S.D. New York.

July 22, 1988.

Arthur N. Abbey, Abbey & Ellis, New York City (Michael J. Freed, Stewart M. Weltman, Much Shelist Freed Dennenberg Ament & Eiger, P.C., Chicago, Ill., William J. French, Gibbs Roper Loots & Williams Milwaukee, Wis., James Stuart Youngblood, Martin D. Chitwood, Stowers, Starkey, Hayes & Roane, Atlanta, Ga., of counsel), for plaintiff.

Henry P. Wasserstein, Skadden, Arps, Slate, Meagher & Flom, New York City (Christopher R. Gette, David M. Aronowitz, of counsel), for Hutton defendants.

Jamie B.W. Stecher, Stecher Jaglom & Prutzman, New York City, for Criswell defendants. ·

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

This tax shelter litigation arises from the December 3, 1985 offering of limited partnership interests in MountainView Associates, Ltd. ("MountainView"), a Texas limited partnership which owns a Hyatt Regency Hotel in Denver, Colorado. Plaintiff Theodore Stoudt moves for class certification, seeking to represent a class consisting of all persons who purchased limited partnerships pursuant to the December 3 offering memorandum, excluding defendants and their officers, directors and agents. The motion is opposed by defendants E.F. Hutton & Company, Inc., E.F. Hutton Group, Inc., Hutton Hotels I, Inc., Viewmount Inc. and Paul Bagley (collectively "Hutton"). For reasons which follow, the motion is denied.

### FACTS

Pursuant to an Offering Memorandum dated December 3, 1985, 234 limited partnership units in MountainView were offered to investors. Plaintiff Theodore Stoudt purchased one unit for a price of $60,000, which with accrued interest, made his total purchase obligation $73,248.

Defendant Criswell Development Company, Inc. was one of the original developers of the Hyatt hotel project acquired by MountainView. Defendant Sharon L. Criswell was president of Criswell Development Company. At various points in time, Criswell DTC Associates Ltd. ("Criswell DTC"), Hutton Hotels I, and Viewmount Inc. were general partners of MountainView. William T. Criswell is the general partner of Criswell DTC. Paul Bagley is chairman of the board of Hutton Hotels I. Defendant E.F. Hutton Group and its wholly owned subsidiary E.F. Hutton & Co. acted as sponsor, underwriter and broker-dealer in connection with the offering of the limited partnership units.

The Amended Complaint alleges that defendants sold the MountainView limited partnership interests on the basis of material misrepresentations and omissions contained in the offering memorandum, in vio-

lation of section 12(2) of the Securities Act of 1933 and in breach of their fiduciary duty. Plaintiffs contend that the offering memorandum contained financial forecasts prepared by the accounting firm of Parnell, Kerr Forster, but omitted to disclose another set of forecasts prepared by Hyatt which projected significantly lower occupancy levels, thereby significantly lowering the projected operating revenues. The Hyatt forecasts allegedly proved more accurate.

Plaintiffs further allege that since the hotel was expected to experience operating deficits under either group of projections, a material representation was made in the offering memorandum that defendants Mr. and Mrs. Criswell and entities owned or controlled by them would collectively guarantee to pay the partnership an aggregate of $5.5 million to cover any excess operating deficits. It is claimed that the offering memorandum falsely represented that Mr. Criswell had a net worth in excess of $25 million. To date, according to the Amended Complaint, Mr. Criswell has honored only about $1.6 million of the guarantee. Plaintiff alleges that investors would not have purchased their units had the Hyatt projections and Mr. Criswell's true financial condition been disclosed.

The Amended Complaint seeks judgment in the amount of "at least $14,000,000.00" (the total amount of the offering) or, alternatively, rescission or rescissionary damages. As there are no more than 234 limited partners in the proposed class, this means that each of them (including plaintiff) would be asserting a claim of at least $60,000, representing the purchase price of one unit.

## DISCUSSION

■ Hutton asserts various reasons why plaintiff is atypical and would be inadequate as a class representative. However, we need not address any of those issues because we are persuaded by the defendants' more fundamental argument that plaintiff has failed to demonstrate "that a class action is superior to other available methods for the fair and efficient adjudica-

tion of the controversy." Fed.R.Civ.P. 23(b)(3). Accordingly, this litigation does not justify invocation of Rule 23.

■ One of the basic reasons for promulgating Rule 23 was to provide "small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation." *Eisen v. Carlisle & Jacquelin* (2d Cir.1968) 391 F.2d 555, 560; *accord, Dolgow v. Anderson* (E.D.N.Y.1968) 43 F.R.D. 472, 495. When the size of each claim is significant, and each proposed class member therefore possesses the ability to assert an individual claim, the goal of obtaining redress can be accomplished without the use of the class action device. The Rule was not designed to permit large claimants, who are fully capable of proceeding on their own, to strengthen their bargaining position by threatening their adversaries with the prospect of class-wide relief and large attorney fee awards. As Judge Weinfeld observed in *Steinmetz v. Bache & Co., Inc.* (S.D.N.Y.1976) 71 F.R.D. 202, 206 (*quoting, Free World Foreign Cars, Inc. v. Alfa Romeo* (S.D.N.Y.1972) 55 F.R.D. 26, 30):

Rule 23 is "not intended to permit a private litigant to enhance his own bargaining power by a claim that he is acting for a class of litigants," nor is the purpose of the Rule to reap "a golden harvest of fees" for lawyers who bring class actions.

It seems to us that the foregoing considerations require that the motion be denied. Plaintiff, who apparently possesses sufficient wealth to benefit from a tax shelter and who seeks recovery in the amount of "at least" $60,000, certainly should have no trouble financing his own litigation. Indeed, in *Steinmetz, supra,* Judge Weinfeld found that an individual claim of $30,000 was enough to indicate plaintiff's ability to conduct an individual lawsuit.

Should other limited partners institute actions, there is no reason to believe that they could not be coordinated with this one. As Judge Weinfeld observed in *Free World Foreign Cars, supra,* 55 F.R.D. at 31:

If any [other claimant] past or present, should commence any actions, these may,

under the Rules, be consolidated with this suit where appropriate, and if instituted in other districts, relief is available under the Multidistrict Litigation Act, Section 1407 of Title 28.

Plaintiff's motion for class certification is accordingly denied.

SO ORDERED.