Thomas R. BECNEL, individually and as trustee of the Becnel Family Trust abd CST Trust, BCTS LLC and Jardine Ventures LLC, on their own behalf and on behalf of all others similarly situated Plaintiffs

v.

KPMG LLP, Presidio Advisors LLC, Presidio Growth LLC, Deutsche Bank AG, Deutsche Bank Securities, Inc., Bayerische Hypo Und Vereinsbank, Quellos Group LLC, QA Investments LLC, Quadra Capital Management LP and Sidley Austin Brown & Wood LLP Defendants

No. CIV 056015.

United States District Court,
W.D. Arkansas,
Hot Springs Division.

Aug. 9, 2005.

Richard A. Adams, New York City, W.H. "Dub" Arnold, Arkadelphia, AR, Max W. Berger, New York City, John P. Coffey, New York City, John C. Goodson, Texarkana, TX, Avi Josefson, New York City, Douglas M. McKeige, New York City, George L. McWilliams, Texarkana, TX, Sean F. Rommel, Texarkana, TX, J. Erik Sandstedt, New York City, Gerald H. Silk, New York City, and Robert E. Tarcza, New Orleans, LA, for Plaintiffs.

Bruce A. Abbott, Los Angeles, CA, Steven M. Bauer, San Francisco, CA, John M. Bray, Washington, DC, Brad D. Brian, Los Angeles, CA, Ellen K. Brown, San Francisco, CA, Christine Chi, New York City, Kevin B. Clark, Kevin M. Dinan, Washington, DC, Jennifer Haltom Doan, Texarkana, AR, Jonathan Drimmer, Washington, DC, Helen L. Duncan, Los Angeles, CA, Seth C. Farber, New York City, Dinh Ha, Los Angeles, CA, Claire Shows Hancock, Little Rock, AR, Lawrence M. Hill, New York City, Joseph D. Lee, Los Angeles, CA, Kelly Librera, New York City, Patracia L. Maher, Washington, DC, Aaron M. May, Los Angeles, CA, Toney D. McMillan, Rodney P. Moore, Arkadelphia, AR, Darius Ogloza, San Francisco, CA, Christopher O. Parker, Little Rock, AR, James T. Phalen, Washington, DC, Steven W. Quattlebaum, Little Rock, AR, Gordon S. Rather, Jr., and Michael N. Shannon, Little Rock, AR, for Defendants.

## MEMORANDUM OPINION & ORDER

DAWSON, District Judge.

This matter was filed on behalf of plaintiff Thomas Becnel, individually and as trustee of the Becnel Family Trust and CST Trust, BCTS LLC and Jardine Ventures and as a representative of all those similarly situated, as a result of transactions between the several defendants and the putative plaintiff class involving certain tax strategies known as Offshore Portfolio Investment Strategy ("OPIS") and Bond–Linked Issue Premium Structure ("BLIPS"). Plaintiff Thomas R. Becnel is a resident of Florida and trustee of both the Becnel Family Trust and the CST Trust. Plaintiff BCTS is a limited liability company formed under the laws of the state of Louisiana. Plaintiff Jardine Ventures is a limited liability company formed under the laws of the state of California. The plaintiffs allege claims against all defendants for fraud, conspiracy to commit fraud, and unjust enrichment. Plaintiffs further allege that Separate Defendants KPMG, Sidley Austin Brown & Wood, Presidio Advisors, Presidio Growth and Quellos Group are liable for breach of fiduciary duties. Plaintiffs seek compensatory and punitive damages, prejudgment and post-judgment interest, attorneys' fees and costs. Now before the Court are Plaintiffs' Motion for Class Certification (Doc. # 71), and Plaintiff's Emergency Mo-

tion for Designation of Interim Class Counsel Pursuant to Fed.R.Civ.P. 23(g)(2)(A) which includes a request for a preliminary injunction (Doc. # 53). For the reasons stated herein, the Court finds both motions should be and hereby are DENIED.

## I. Background

Plaintiffs contend that Defendants operated under a fraudulent scheme to develop and mass market two illegitimate tax shelters, OPIS and BLIPS. Plaintiffs seek certification of a class consisting of all persons and entities that invested in OPIS and/or BLIPS between January 1, 1998, and December 31, 2000.

While there are some variances, the plaintiffs generally allege that in each transaction, KPMG acted as the seller of either the OPIS or BLIPS. Plaintiffs allege that either Presidio or Quellos served as the advisory firm that would implement OPIS and/or BLIPS and that Sidley Austin Brown & Wood served as legal counsel and provided "independent" legal advice to each purchaser in the form of an opinion letter. Plaintiffs also contend either Bayerische Hypo Und Vereinsbank (HVB) or Deutsche Bank served as the bank that assisted KPMG in implementing the transaction.

Plaintiff has moved for class certification, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). With reference to 23(a), Plaintiff contends that the class is so numerous that a joinder of all members would be impracticable, that there are a number of factual and legal questions common to each member of the class, and that the claims are typical in that they all arise from the same events and course of conduct and because the members of the class seek the same relief. In addition, Plaintiffs allege they are the best representatives of the class, and maintain that the prerequisites of 23(b)(3) are satisfied.

## II. Rule 23(a)

In order to maintain a class action, the burden is on the prospective class representative to establish that the prerequisites of Fed.R.Civ.P. 23(a) have been met. *See Bishop v. Comm. on Prof'l Ethics and Conduct of*

*Iowa State Bar Ass'n,* 686 F.2d 1278, 1287 (8th Cir.1982). The relevant provisions of Rule 23(a) are:

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a).

All parties were given an opportunity to address the Court at the hearing on August 2, 2005 and after considering Plaintiffs' motion, brief and exhibits and defendants' several responses, the Court finds that Plaintiffs have failed to establish all of the prerequisites for a class certification, particularly the requirement contained in Rule 23(b)(3) that a class action be the superior method for the fair and efficient adjudication of the controversy.

### A. 23(a)(1)—Numerosity

 Rule 23(a)(1) requires the Court to determine whether the class is "so numerous that joinder of all members is impracticable." There are no particular rules governing the necessary size of the class, but the most obvious factor is the number of persons in the proposed class. *See Paxton v. Union Nat. Bank,* 688 F.2d 552, 559 (8th Cir.1982). In addition to size, the Court may consider the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining the putative members. *See id.* at 559–60. Courts have repeatedly recognized that mere conclusory or speculative allegations that joinder is impractical are not sufficient to satisfy the numerosity requirement of Rule 23(a)(1). *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.,* 149 F.R.D. 65 (D.N.J.1993) (citations omitted). The practicability of joinder depends on a number of

factors, including: the size of the class, ease of identifying members and determining addresses, ease of service on members if joined, geographical dispersion and whether proposed members of the class would be able to pursue remedies on an individual basis. *Id.*

■ Considering the factors reflected above, the Court cannot conclude that joinder in this case would be impractical or particularly difficult. According to Plaintiffs, there are at least 250 members of the putative class who, by Plaintiffs' own admission, are easily ascertainable and known to the defendants. Further, a number of these potential class members have filed individual lawsuits and many have settled their claims against some or all of these defendants. A class action is not appropriate when proposed class members are able to protect and defend their own interests. *Id.See also, Stoudt v. E.F. Hutton & Co.,* 121 F.R.D. 36 (S.D.N.Y. 1988)(when each proposed class member...possesses the ability to assert an individual claim, the goal of obtaining redress can be accomplished without the use of the class action device). Further, not every defendant was involved in a BLIPS or OPIS transaction with every member of the putative class. Accordingly, the Court finds that the potential membership for the class does not satisfy the numerosity requirement of Rule 23(a)(1).

### B. 23(a)(2)—Commonality

■ Rule 23(a)(2) requires that there be common questions of law or fact among the members of the class. However, every question of law or fact need not be common to every member of the class, and the rule may be satisfied "where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated." *Id.* at 561 (quoting *American Finance Sys., Inc. v. Harlow,* 65 F.R.D. 94, 107 (D.Md.1974)).

■ While there is little doubt some common issues of law and fact exist in this case, the Court finds there are many questions of fact which are not common to the entire putative class. For example, one question for each potential class member would be to determine which defendants were involved in their individual OPIS or BLIPS transaction. Plaintiffs have alleged fraud against all of the defendants, and each potential class member would have to prove he or she relied on false misrepresentations from the defendants which were made in their particular OPIS or BLIPS transaction. This would be time consuming thereby negating any efficiency a class action might otherwise serve. The Court can only conclude Plaintiffs have failed to sufficiently demonstrate the prerequisites of 23(a)(2).

### C. 23(a)(3)—Typicality

■ Rule 23(a)(3) requires that the claims or defenses of the representative parties be typical of the claims or defenses of the class. The Court may find this requirement to be satisfied "if the claims or defenses of the representatives and the members of the class stem from a similar event or are based on the same legal or remedial theory." *Paxton,* 688 F.2d at 561 (quoting Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1764 at n. 21.1 (Supp.1982)). Although the typicality requirement often tends to merge with "commonality," the Eighth Circuit Court of Appeals has given this factor an independent meaning by holding that Rule 23(a)(3) "requires a demonstration that there are other members of the class who have the same or similar grievances as the plaintiff." *Id.* at 562 (quoting *Donaldson v. Pillsbury Co.,* 554 F.2d 825, 830 (8th Cir.1977)).

■ The Court does not believe that Plaintiffs' situations are typical of those of the purported members of the entire class. Plaintiffs did not transact business with all of the defendants; for instance, Plaintiffs were not involved in any transaction with HVB. This is significant as putative class members who were involved in BLIPS transactions with HVB were required to sign a letter stating, among other things, that HVB accepted no responsibility for the establishment, promotion or marketing of the BLIPS; that HVB made no guarantee or representation as to the expected performance of the

BLIPS; that he or she had been independently advised by legal counsel and would comply with all Internal Revenue Laws; and that HVB would not be liable for any losses relating to the BLIPS transaction. (Doc. 98, Ex. B). Therefore, some of the putative class members agreed to terms and conditions with some defendants that Plaintiffs did not. Accordingly, the Court concludes Plaintiffs' claims are not typical of all of the purported members of the class.

### D. 23(a)(4)—Adequacy of Representation

The considerations involved in Rule 23(a)(4) are whether the class representative has common interests with the members of the class, and whether the class representative will vigorously prosecute the interests of the class through qualified counsel. *See Paxton*, 688 F.2d at 562. As discussed above, the Court has concluded that Plaintiff does not have sufficient common interests with the class to satisfy the other elements of Rule 23(a).

One problem again is that Plaintiff has not transacted business with all of the defendants named in the complaint. Plaintiff has sought to rectify this by citing a Senate report that stated that the scheme could not have been carried out without all of the named defendants. However, this does can not change the fact that Plaintiffs did not transact business with all of the named defendants. Further, some of the class members will have dealt with some of the named defendants, yet not others. Even if this factor were met, there would continue to be problems with commonality and typicality.

### III. Rule 23(b)—Maintainable Class Actions

█ Even if Plaintiffs were able to satisfy the prerequisites of Rule 23(a), the Court finds that this particular action is not maintainable under Rule 23(b)(3) as alleged by Plaintiffs. Rule 23(b)(3) provides that an action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition, the court finds that (1) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The rule further states that the matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

### A. Predominance

█ The requirement of Rule 23(b)(3) that common questions predominate over individual questions "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Blades v. Monsanto Co.*, 400 F.3d 562 (8th Cir.2005) *citing Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). If in order to make a prima facie showing on a given question, the members of a proposed class would need to present evidence that would vary from member to member, then it could only be an individual question. *See Blades, supra.*

█ A critical factor in the decision to maintain certification is a determination of how state law variations would affect the appropriateness of class treatment. *See In re American Medical Systems, Inc.*, 75 F.3d 1069 (6th Cir.1996) (noting that "[t]he district judge also failed to consider how the law of negligence differs from jurisdiction to jurisdiction"), a consideration dictated by *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). *See also, Castano v. American Tobacco Co.*, 84 F.3d 734 (5th Cir.1996)(reversing class certification where district court failed to consider how variation in state law affect predominance and superiority). To demonstrate that a class action meets the requirements of 23(b)(3), a plaintiff must show that such an action is manageable in light of state law variations. *See Castano*, 84 F.3d at 741. "[W]hen a request for class

certification encounters differing state laws, the burden is on the party seeking certification to 'creditably demonstrate, through an extensive analysis of state law variances, that class certification does not present insuperable obstacles.'" *Duncan v. Northwest Airlines, Inc.*, 203 F.R.D. 601 (W.D.Wash.2001)(quoting *Walsh v. Ford Motor Co.*, 807 F.2d 1000 (D.C.Cir.1986)) (citing *Adams v. Kansas City Life Ins. Co.*, 192 F.R.D. 274 (W.D.Mo.2000))(finding that plaintiff did not meet burden despite submitting a series of tables showing that the elements of plaintiff's tort claims are similar in every state).

The Court cannot find this case to be certifiable under 23(b)(3), because the Court can not conclude that common questions of law or fact predominate individual questions of liability and damages. Even if the Court could so find, the maintenance of this case as a class action would not be superior to other methods of handling the controversy. A finding of fact would be required for each alleged class member to determine whether he or she relied on any false misrepresentations by the defendants. There are also individual questions as to which class members were involved in transactions with which defendants.

### B. Superiority

Moreover, a class action suit can not be considered the superior method of handling this particular case. This is apparent by the lawsuits already filed on an individual basis by potential members of the class. Approximately seventeen (17) lawsuits were filed, beginning in December 2002, which arose from OPIS/BLIPS transactions prior to the filing of this lawsuit in January 2005. Some 144 OPIS and/or BLIPS opinions are currently involved in litigation or have reached a settlement. Additionally, it appears that the putative class members involved in this case are wealthy investors who are financially able to pursue and manage their own litigation. Further, the putative class members are or would be seeking significant amounts of damages, making an individual lawsuit most likely a better avenue. *See Amchem Products, supra*, ("While the text of Rule 23(b)(3) does not exclude from certification cases in which individual damages run high, the Advisory Committee had dominantly in mind vindication of 'the rights of groups of people who individually would be without effective strength to bring their opponents into court at all.'"). *See also, Stoudt, supra*, (Rule 23 was not designed to permit large claimants, who are fully capable of proceeding on their own, to strengthen their bargaining position by threatening their adversaries with the prospect of class-wide relief and large attorney fee awards). Accordingly, the Court concludes that Plaintiffs failed to demonstrate that a class action is superior to other available methods for the fair and efficient adjudication of this matter.

### IV. Conclusion

For the reasons explained above, the Court finds that Plaintiffs have failed to satisfy the prerequisites of 23(a) and failed to demonstrate that this action should be maintained under 23(b). Accordingly, Plaintiffs' motion for certification (Doc. # 71) is hereby DENIED.

Additionally, Plaintiffs' Emergency Motion for Designation of Interim Class Counsel Pursuant to Fed.R.Civ.P. 23(g)(2)(A) and a Preliminary Injunction to Protect the Jurisdiction of this Court and the Interests of Absent Class Members (Doc. # 53) is DENIED as moot. Defendants have filed motions to dismiss, and the Court has been advised that Plaintiffs are drafting responses to be filed by August 18, 2005 with replies to be filed by September 8, 2005.

IT IS SO ORDERED.